13140.010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RARE BREED TRIGGERS, LLC, a North Dakota limited liability company, and<br>(2) ABC IP, LLC, a Delaware limited liability company,<br><br>             Plaintiffs,<br><br>vs.<br><br>(1) THOMAS ALLEN GRAVES, an individual,<br>(2) POWERED BY GRAVES, INC., an Oklahoma corporation,<br>(3) VALOR MANUFACTURING LLC, an Oklahoma limited liability company, and<br>(4) VALOR ARMS LLC, an Oklahoma limited liability company,<br><br>             Defendants. | No. 4:22-CV-00107-GKF-JFJ<br><br>Honorable Gregory K. Frizzell |

**VALOR'S RESPONSE TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

Defendant, Valor Manufacturing, LLC ("Valor"), for its Response to Plaintiffs' Motion for Leave to File Amended Complaint and Memorandum in Support Thereof [Doc. 30] ("Motion") filed by Plaintiffs, Rare Breed Triggers, LLC ("Rare Breed") and ABC IP, LLC ("ABC") (together, "Plaintiffs"), states as follows:

**I.   Leave to Amend Is Properly Denied Where The Proposed Amendment Would Be Futile.**

As correctly noted by Plaintiffs in their Motion [Doc. 30], "[futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Therefore, the court may

1

refuse to allow an amendment that fails to state a cause of action because it would not survive a motion to dismiss. *See, e.g., Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983) ("The trial court may properly deny leave to amend where the amendment would not withstand a [Rule 12(b)(6)] motion to dismiss.").

**II.   For Purposes of a Rule 12(b)(6) Motion to Dismiss, the Court Must Disregard Conclusory Allegations Which Merely Recite the Elements of a Cause of Action.**

The United States Court of Appeals for the Tenth Circuit, in *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012), described the applicable pleading standard, to wit:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Recently, the Supreme Court clarified this pleading standard in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009): to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. A plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id.*
>
> The Court explained two principles underlying the new standard: (1) when legal conclusions are involved in the complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions," *Iqbal,* 129 S.Ct. at 1949, and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," *id.* at 1950. **Thus, mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice.** *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. **Accordingly, in examining a complaint under Rule 12(b)(6), <u>we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable</u>.**

*Id*. (emphasis added).

**III.   The Proposed Individual Defendants Cannot Be Liable For Patent Infringement Absent Proof of "The Specific Intent to Aid and Abet Infringement."**

"While the corporate veil can shield officers from liability under § 271(a), 'corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement regardless of whether the circumstances are such that a court should

2

disregard the corporate entity and pierce the corporate veil[.]'" *All Plastic, Inc. v. Samdan LLC*, No. 20-CV-01318-NYW, 2021 WL 463625, at *7 (D. Colo. Feb. 8, 2021) (citing *Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1316 (Fed. Cir. 2010)). Pursuant to § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). A claim for patent infringement on a theory of "inducement requires that **the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement**." *All Plastic, Inc.*, at *7 (emphasis added) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc) (quotations and citations omitted); *see also Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1411–12 (Fed. Cir. 1996), *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) ("The alleged infringer must be shown, however, to have *knowingly* induced infringement.").

Thus, Plaintiffs bear the burden to demonstrate not just that the individual defendants knowingly participated in infringement, but also that the individual defendants were aware that the corporate defendants' actions constitute infringement.

**IV.    The Amended Complaint's Only Allegations Concerning the Knowledge and Intent of the Individual Defendants are Conclusory and Should be Disregarded.**

Relevant to the legal standards and requisite proof discussed in *All Plastic, Inc.*, the Amended Complaint includes only the following allegations with respect to proposed individual defendants, Tonya Janeway and Nathan D. Janeway:

> 86.    On information and belief, Tonya R. Janeway, was aware of the '223 Patent, knew that the ALAMO-15 trigger would infringe the '223 Patent, and actively, culpably, and wrongly directed, aided, and abetted Valor Manufacturing, Valor Arms, Janeway Machine, Janeway Leasing, Janeway Manufacturing, Janeway Machine Co., and/or 7050 Corp., to infringe the '223 Patent.

> 87. Upon information and belief, Tonya R. Janeway personally participated in, induced, and/or approved the commission of the tort of patent infringement or specifically directed other officers, agents, or employees of the companies she controls to commit the tortious act of patent infringement.
>
> 89. On information and belief, Nathan D. Janeway, was aware of the '223 Patent, knew that the ALAMO-15 trigger would infringe the '223 Patent, and actively, culpably, and wrongly directed, aided, and abetted Valor Manufacturing, Valor Arms, Janeway Machine, Janeway Leasing, Janeway Manufacturing Janeway Machine Co., and/or 7050 Corp., to infringe the '223 Patent.
>
> 90. Upon information and belief, Nathan D. Janeway personally participated in, induced, and/or approved the commission of the tort of patent infringement or specifically directed other officers, agents, or employees of the companies he controls to commit the tortious act of patent infringement.

Motion [Doc. 30], at 33-34.

These are the kinds of formulaic, conclusory allegations that fail to hold up under the scrutiny prescribed in *Twombly* and *Iqbal*. The foregoing allegations provide no specific facts evincing knowledge on the part of Tonya Janeway or Nathan D. Janeway of infringing activity. Further, the allegations are formulaic recitations clearly intended to overcome the legal hurdle of specific intent, as evidenced by the fact that the allegations against Tonya Janeway and Nathan D. Janeway are substantially identical.

Indeed, the proposed Amended Complaint includes other, more specific allegations giving rise to the *opposite* inference: that the proposed individual defendants did not knowingly engage in allegedly infringing activity. For instance, the proposed Amended Complaint alleges that the inventor of the allegedly Infringing Device, Thomas Allen Graves, directly participates in the manufacture, promotion, and sale of the allegedly Infringing Device. Motion [Doc. 30], at 26-28. Conversely, Plaintiffs assert rights in the allegedly Infringing Device through a chain of assignments. From these allegations, the more likely inference is that the proposed individual

4

defendants lacked the requisite specific intent to infringe based upon their alleged direct dealings with the inventor of the allegedly Infringing Device.

Once the above-described conclusory allegations have been disregarded, the proposed Amended Complaint lacks requisite factual allegations to overcome the standards recited by the court in *All Plastic, Inc*.

### V. Conclusion.

Valor respectfully requests that Plaintiffs' Motion [Doc. 30] be denied.

Respectfully Submitted,

By */s/ Joseph V. Allen*
William R. Grimm, OBA No. 3628
Joseph V. Allen, OBA No. 31464
BARROW & GRIMM, P.C.
110 W. Seventh Street, Suite 900
Tulsa, OK 74119
(918) 584-1600 (Telephone)
(918) 585-2444 (Facsimile)
grimm@barrowgrimm.com
jallen@barrrowgrimm.com

*Attorneys for Valor Manufacturing, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/ Joseph V. Allen*
William R. Grimm