IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RARE BREED TRIGGERS, LLC, a North Dakota limited liability company, and ABC IP, LLC, a Delaware limited liability company,<br><br>   Plaintiffs,<br><br>v.<br><br>THOMAS ALLEN GRAVES, an individual, POWERED BY GRAVES, INC., an Oklahoma corporation, VALOR MANUFACTURING LLC, an Oklahoma limited liability company, and VALOR ARMS LLC, an Oklahoma limited liability company,<br><br>   Defendants. | Case No. 22-CV-107-GKF-JFJ |

**ORDER**

Before the court is the Motion for Leave to File Amended Complaint of plaintiffs Rare Breed Triggers, LLC, and ABC IP, LLC [Doc. 30]. For the following reasons, the motion is granted in part and denied in part.

**I.     Background**

Plaintiffs seek to amend their Complaint to add eight (8) defendants—four corporations (Janeway Machine, Inc., Janeway Manufacturing, Inc., Janeway Machine Company, Inc., and 7050 Corp.), one limited liability company (Janeway Leasing, LLC), and three individuals (Tonya R. Janeway, Nathan D. Janeway, and Madison Crawford) that plaintiffs allege were

significantly involved with the manufacture and sale of the accused Infringing Device. Defendant Valor Manufacturing LLC opposes the motion.[1] [Doc. 32].

## II.     Legal Standard

The decision to grant or deny a request for leave to amend is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Res., Inc.*, 401 U.S. 321, 330 (1971). However, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## III.    Discussion

Corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement. *All Plastic, Inc. v. Samdan LLC*, 2021 WL 463625, at *7 (D. Colo. Feb. 8, 2021) (quoting *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1316 (Fed. Cir. 2010)). A claim for patent infringement on a theory of inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc).

Valor Manufacturing argues that the proposed amendment is futile as to proposed individual defendants because (1) plaintiffs have not alleged that the individual defendants knowingly induced infringement and possessed specific intent to encourage another's infringement; and (2) the proposed Amended Complaint's allegations concerning the knowledge and intent of the individual defendants are conclusory and should be disregarded. [Doc. 32, p. 3]. Futility of amendment suggests that plaintiffs can *never* state a claim against the proposed

---

[1] Three other defendants named in the operative Complaint—Thomas Allen Graves, Powered by Graves, Inc., and Valor Arms LLC—are in default. [Docs. 20, 25, and 28].

individual defendants. But in evaluating the plaintiffs' Motion for Leave to Amend, this court merely assesses whether the proposed Amended Complaint states a claim for patent infringement on a theory of inducement against the proposed individual defendants.

The proposed Amended Complaint contains the following paragraphs concerning the knowledge and intent of proposed defendants Tonya R. Janeway and Nathan D. Janeway:

- **Paragraph 86:** On information and belief, Tonya R. Janeway, was aware of the '223 Patent, knew that the ALAMO-15 trigger would infringe the '223 Patent, and actively, culpably, and wrongly directed, aided, and abetted Valor Manufacturing, Valor Arms, Janeway Machine, Janeway Leasing, Janeway Manufacturing, Janeway Machine Co., and/or 7050 Corp., to infringe the '223 Patent.
- **Paragraph 87:** Upon information and belief, Tonya R. Janeway personally participated in, induced, and/or approved the commission of the tort of patent infringement or specifically directed other officers, agents, or employees of the companies she controls to commit the tortious act of patent infringement.
- **Paragraph 88:** On information and belief, Nathan D. Janeway is a principal of Valor Manufacturing, Valor Arms, Janeway Machine, Janeway Leasing, Janeway Manufacturing, Janeway Machine Co., and 7050 Corp., and operates Valor Manufacturing, Valor Arms, Janeway Machine, Janeway Leasing, Janeway Manufacturing, Janeway Machine Co., and/or 7050 Corp., and who controls and/or directs those companies.
- **Paragraph 89:** On information and belief, Nathan D. Janeway, was aware of the '223 Patent, knew that the ALAMO-15 trigger would infringe the '223 Patent, and actively, culpably, and wrongly directed, aided, and abetted Valor Manufacturing, Valor Arms, Janeway Machine, Janeway Leasing, Janeway Manufacturing[,] Janeway Machine Co., and/or 7050 Corp., to infringe the '223 Patent.
- **Paragraph 90:** Upon information and belief, Nathan D. Janeway personally participated in, induced, and/or approved the commission of the tort of patent infringement or specifically directed other officers, agents, or employees of the companies he controls to commit the tortious act of patent infringement.

[Doc. 30-1, ¶¶ 86-90].

A viable complaint "does not need detailed factual allegations," but the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must go beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory statements unsupported by factual allegations are not sufficient. *Id.; Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Here, the proposed Amended Complaint provides insufficient factual allegations that Tonya and/or Nathan Janeway knowingly induced infringement or possessed specific intent to encourage the alleged infringement. *See All Plastic, Inc.*, 2021 WL 463625, at *7 (citing *Hoover Grp. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1412 (Fed. Cir. 1996)). Rather, paragraphs 85 through 89 are merely threadbare recitals of the elements necessary to impose personal liability on corporate officers who actively assist with their corporation's infringement.

The plaintiffs make their allegations in Paragraphs 85 to 92 "on information and belief." " 'On information and belief' allegations that merely posit an assumption or surmise are not allegations of fact that can plausibly state a claim." *Reddy v. Essentia Ins. Co.*, 2021 WL 3742243, at *6 (D. Colo. Aug. 24, 2021); *see also Mesfin v. Five Star Vending, Inc.*, 2008 WL 4293339, at *9 (D. Colo. Sept. 16, 2008).

Accordingly, the proposed Amended Complaint fails to state claims against the proposed individual defendants for inducing infringement of a patent. While Valor's response does not specifically address the proposed allegations against defendant Madison Crawford, it generally addresses the allegations against "the proposed individual defendants," and the analysis of the proposed allegations against Crawford is identical to the analysis outlined above.

Valor does not challenge the allegations in the proposed Amended Complaint with regard to the four new corporate defendants and the new limited liability company defendant. Accordingly, the court grants leave to amend as to these new defendants.

**IV.    Conclusion**

WHEREFORE, the Motion for Leave to File Amended Complaint [Doc. 30] is granted in part and denied in part. Leave to amend is granted as to allegations against Janeway Machine,

Inc., Janeway Manufacturing, Inc., Janeway Machine Company, Inc., 7050 Corp., and Janeway Leasing, LLC.  Leave to amend is denied as to claims against Tonya R. Janeway, Nathan D. Janeway, and Madison Crawford.  Plaintiffs may file their First Amended Complaint consistent with this Order on or before June 20, 2022.

    IT IS SO ORDERED this 8th day of June, 2022.

*[signature]*
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE