## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RARE BREED TRIGGERS, LLC, and ABC IP, LLC, <br><br> Plaintiffs, <br><br> -vs- <br><br> THOMAS ALLEN GRAVES, POWERED BY GRAVES, INC., VALOR MANUFACTURING LLC, VALOR ARMS LLC, JANEWAY MACHINE, INC., JANEWAY LEASING, LLC, JANEWAY MANUFACTURING INC., JANEWAY MACHINE COMPANY, INC., and 7050 CORP., <br><br> Defendants. | CASE NO. 4:22-CV-107-GKF-JFJ |

## ORDER

Before the Court is the plaintiffs' Motion for Default Judgment Against Thomas Allen Graves and Powered By Graves, Inc. [Doc. 48]. The motion must be denied without prejudice for the following reasons.

First, plaintiffs seek default judgment based on the allegations of *both* the original Complaint and the First Amended Complaint. *See, e.g.*, Doc. 48, pg. 11. Although the allegations of the Complaint and the First Amended Complaint overlap with respect to the defaulting defendants, a default judgment against Graves and Powered By Graves may be based only upon the Complaint on which they have defaulted. Thomas Graves was served with the original Complaint on March 18, 2022. [Doc. 11]. Powered by Graves, Inc. was served on March 30, 2022. [Doc. 12]. The Court Clerk's Entry of Default against defendant Graves was entered on April 18, 2022, [Doc. 20], and the Clerk's Entry of Default against defendant Powered By Graves was entered on May 4, 2022, [Doc. 25]. The First Amended Complaint [Doc. 36] was not filed until June 15, 2022, and there is no indication on the docket that plaintiffs served Graves or Powered By Graves with the First Amended Complaint. In addition, the Court Clerk has not filed an Entry

of Default against either Graves or Powered by Graves with respect to the First Amended Complaint. Logic and due process require that the default judgment be based only upon the allegations of the Complaint served upon the defaulting defendants. Any revised motion for default judgment should limit itself to the allegations of the original Complaint.

Second, plaintiffs have submitted a proposed 14-page "Order Granting Plaintiffs' Motion for Default Judgment Against Thomas Allen Graves and Powered by Graves" that would permanently enjoin third parties who are unmentioned in the original Complaint and who have not been served in this action. For example, plaintiffs ask this court to enjoin the defaulting defendant Graves's unnamed and unserved relatives. The request is clearly overbroad.

Third, plaintiffs ask the Court to enter findings of fact and conclusions of law. A court does not make factual findings in a default judgment, nor does a defaulting defendant admit conclusions of law. 10 *Moore's Federal Practice*, § 55.32[1][a] (Matthew Bender 3d Ed.). Rather, the Court takes the well-pleaded facts in the Complaint relating to liability as true. The Court may then grant judgment by default only for relief that may lawfully be granted on the well-pleaded facts alleged. *Id.*

Fourth, plaintiffs seek the entry of findings and conclusions premised in part on the First Amended Complaint and on a Consent Judgment and Permanent Injunction [Doc. 45] to which plaintiffs and defendants Valor Manufacturing, LLC, Valor Arms, LLC, Janeway Machine, Inc., and 7050 Corp. agreed in late October of this year. *See, e.g.*, Motion for Default Judgment, Findings of Fact at ¶¶ 5, 6, 9, 10, 11, 12, 19, and 20, and Conclusions of Law, §§ A, B and C. Again, any default judgment to be entered against defendants Graves and Powered by Graves must be premised solely on the allegations of the original Complaint. And under Fed. R. Civ. P. 54(c), a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. However, the declaration of Cole Leleux [Doc. 52] submitted in support of plaintiffs' motion for default judgment may be considered in determining the amount of money damages contained in the Default Judgment. Where, as here, "the pleadings[1] do not state a particular amount of damages, the award is nevertheless limited to an amount within the fair scope of the allegations in the pleadings." 10 *Moore's Federal Practice*, § 55.34[1] (Matthew Bender 3d Ed.)

---

[1] *See* the Prayer of Relief contained in the original Complaint, Doc. 2, p. 25.

WHEREFORE, Plaintiffs' Motion for Default Judgment Against Thomas Allen Graves and Powered By Graves, Inc. [Doc. 48] is denied without prejudice.

IT IS SO ORDERED this 1st day of December, 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE