IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. RARE BREED TRIGGERS, LLC, and <br> 2. ABC IP, LLC, <br><br> Plaintiffs, <br><br> -vs- <br><br> 3. THOMAS ALLEN GRAVES, <br> 4. POWERED BY GRAVES, INC., <br> 5. VALOR MANUFACTURING LLC, <br> 6. VALOR ARMS LLC, <br> 7. JANEWAY MACHINE, INC., <br> 8. JANEWAY LEASING, LLC, <br> 9. JANEWAY MANUFACTURING INC., <br> 10. JANEWAY MACHINE COMPANY, INC., and <br> 11. 7050 CORP., <br><br> Defendants. | CASE NO. 4:22-CV-107-GKF-JFJ |

**PLAINTIFFS' SECOND MOTION FOR DEFAULT JUDGMENT AGAINST**

**THOMAS ALLEN GRAVES AND POWERED BY GRAVES, INC.**

Pursuant to Fed. R. Civ. P. 55, Plaintiffs, by and through their undersigned counsel, hereby move for default judgment against defendants Thomas Allen Graves ("Graves") and Powered by Graves, Inc ("PBG"). Default was entered against Graves on April 18, 2022. *Dkt*. 20. Default was entered against PBG on May 4, 2022. *Dkt*. 25. Neither defendants were party to the confidential settlement agreement nor consent judgment that was negotiated between Plaintiffs and Valor Manufacturing,

LLC, Janeway Machine, Inc., and 7050 Corp. (the "Settling Defendants"). Both Graves and PBG have continued to fail in any effort or attempt at pleading or otherwise defending against the allegations of willful patent infringement made against them.

Plaintiffs previously moved the Court for Default Judgment (*Dkt.* 48) against Graves and PBG, and the motion was denied without prejudice. *Dkt.* 53. In light of the Court's denial of Plaintiffs' first Motion for Default Judgment, the following is submitted so as to remedy the concerns addressed by the Court and support default judgment against Graves and PBG in this action:

## FACTS

1. Both Graves and PBG were served with the Complaint (*Dkt.* 2) and both failed to plead or otherwise defend against the allegations of willful patent infringement made against them. *Dkts.* 19, 24.

2. Default was entered against Defendant Thomas Allen Graves on April 18, 2022. *Dkt.* 20.

3. Default was entered against Defendant Powered By Graves, Inc., on May 4, 2022. *Dkt.* 25.

4. Both Graves and PBG have engaged in acts of willful patent infringement in this district and elsewhere which are subject to LIABILITY under 35 U.S.C. §§ 271 and 284. *Dkt.* 2, ¶¶13-18; 59-77.

5. Both Graves and PBG are or were affiliated with Valor Manufacturing, LLC, at least insofar as they participated directly with that entity in the conceptualization, development, manufacture promotion, and sale of the "Powered by Graves Alamo-15" trigger. *Dkt.* 2 at ¶¶59-77; *see also Decl. of Glenn Bellamy; see also Decl. of Lawrence DeMonico*.

6. Defendant Thomas Allen Graves has proclaimed himself as the inventor of the Powered by Graves Alamo-15 trigger. *Id.*

7. Defendant Thomas Allen Graves participated with Valor Manufacturing, LLC, to manufacture and sell the Powered by Graves Alamo-15 trigger. *Id.*

8. A Consent Judgment and Permanent Injunction was entered against Valor Manufacturing LLC, and others on October 27, 2022. *Dkt.* 45.

9. Defendant Thomas Allen Graves was not a party to the negotiated Consent Judgment and Permanent Injunction. *Id.*

10. Defendant PBG was not a party to the negotiated Consent Judgment and Permanent Injunction. *Id.*

11. Defendant Thomas Allen Graves was not a party to the confidential settlement agreement negotiated between Plaintiffs and, at least, Valor Manufacturing, LLC.

12. Defendant PBG was not a party to the confidential settlement agreement negotiated between Plaintiffs and Valor Manufacturing, LLC, and others.

13. Both Graves and PBG participated in the acts of willful patent infringement which formed the basis of the Consent Judgment and Permanent Injunction. *Decl. of Glenn Bellamy*; *see also Decl. of Lawrence DeMonico*.

14. Both Graves and PBG aided in the acts of infringement committed by Valor Manufacturing, LLC, and others, by participating in the manufacture, sale, and offer for sale of the Powered by Graves Alamo-15. *Dkt.* 2, ¶¶59-77.

## LEGAL PRINCIPLES

The following legal principles support default judgment against Graves and PBG in the form of the relief sought by Plaintiffs.

### A. Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default,

default judgment may be entered against such person. Upon entry of default, the well-pleaded allegations of the complaint relating to the defendants' liability are taken as true, with the exception of the allegations as to the amount of damages, which is not an issue here because the damages suffered by Plaintiffs are calculatable. *See* Fed. R. Civ. P. 55(b).

Whether to grant a motion for default judgment is within the Court's discretion. In order to grant default judgment, the court must first assure itself of both subject matter jurisdiction and personal jurisdiction. *Williams v. Life Sav. & Loan*, 802 f.2d 1200, 1203 (10th Cir. 1986). It must then determine whether the plaintiff's complaint contains sufficient factual matter, accepted as true, to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 762 (19th Cir. 2010). ("There must be a sufficient basis in the pleadings for the judgment entered." citation omitted)).

The court may consider declarations and other exhibits when evaluating a plaintiff's claims. See, e.g., *Major Bob Music v. S. Shore Sports Bar & Grill, Inc.*, No. 2:08-cv-689, 2010 U.S. Dist. LEXIS 66406, 2010 WL 2653330, at *1 (D. Utah June 30, 2010). Here, the Court possesses proper subject-matter jurisdiction as the claims of patent infringement arise under Federal law. 35 U.S.C. § 271. Venue is appropriate in this forum as Graves resides in Sand Springs, Oklahoma, and conducts his business activities there. *Dkt.* 11 and 36, ¶3. PBG is a corporation organized under the laws of the State of Oklahoma with a registered agent at 9905 S.

Pennsylvania Avenue, Suite A, Oklahoma City, Oklahoma 73159. Furthermore, neither Graves nor PBG have contested the allegations of personal jurisdiction and/or venue as alleged in the Complaint (*Dkt.* 2), thus, those allegations should be taken as true and established. *Bixler*, 596 F. 3d at 762.

### B. Liability for Willful Patent Infringement

The substantive allegations of patent infringement in the Complaint (*Dkt.* 2) that were made against Graves and PBG are to be taken as true following entry of default against a defendant. *Bixler*, 596 F. 3d at 762. Accordingly, the following have been established as true:

- Graves and PBG operate in the firearms industry. *Dkt.* 2, ¶14.

- Plaintiffs are responsible for developing the first commercial forced reset semiautomatic trigger, including the FRT-15™ for use in the AR-15 weapon platform. *Id.*, ¶15.

- Graves and PBG are responsible for misappropriating Plaintiffs' proprietary technology and selling it as their own in direct competition with Plaintiffs. *Id.* at ¶18.

- Defendant Graves was served with a cease and desist letter on August 30, 2021, informing him of his acts of infringement and did not respond. *Id.* at ¶19.

- Graves and PBG began offering the "PBG Alamo-15" trigger on or about February 25, 2022. *Id.* at ¶21.

- Graves and PBG copied the invention disclosed and claimed in the '223 Patent. *Id.* at ¶29.

- The Powered By Graves Alamo-15 trigger uses a roller on the locking bar. This modification does not exclude the Powered By Graves Alamo-15 from being covered by the '223 Patent claims. *Id.* at ¶30.

- Graves and PBG are or were making, using, selling and/or offering for sale a version of the Plaintiffs' FRT-15™ trigger assembly, which embodies the technology claimed in the '223 Patent. *Id.* at ¶49.

- Graves and PBG's infringing trigger is the Alamo-15. *Id.* at ¶50.

- Graves and PBG's infringing trigger, the Alamo-15, employs and embodies the technology claimed by the '223 Patent. *Id.* at ¶52.

- The addition of a roller wheel to the locking bar in the Alamo-15 does not affect its infringing status. *Id.* at ¶73.

- Graves and PBG hold an interest in the manufacture, sale, and/or offer for sale of the Alamo-15 trigger. *Id.* at ¶¶59, 66.

- Defendant Graves was personally and actively involved in the promotion and sale of the Alamo-15 trigger, encouraging customers to buy the Alamo-15 and use it to infringe the '223 Patent. *Id.* at ¶60.

- Defendant Graves licensed his name and/or likeness for use in promoting the sale of the Alamo-15, and therefore holds at least some control over the product being made, offered for sale, or sold. *Id.* at ¶65.

- PBG holds a principal interest in the manufacture and/or sale of the Alamo-15. *Id.* at ¶66.

- PBG has sold and offered for sale Alamo-15 triggers. *Id.* at ¶70.

- PBG is affiliated with and/or working (or worked) in close concert with Valor Manufacturing, LLC, and Valor Arms, LLC, for the purpose of manufacturing and selling the Alamo-15 trigger. *Id.* at ¶70.

- The working components of the Alamo-15 include functional reproductions of the '223 Patent when comparing the working components of the Alamo-15 to the language of the claims. *Id.* at ¶72.

- Both Graves and PBG were or are making, using, selling, offering for sale, and/or importing the Alamo-15 which is a direct and/or indirect infringement of the '223 Patent under 35 U.S.C. § 271 (a), (b), and/or (c). *Id.* at ¶74.

- Both Graves and PBG were making sales of the Alamo-15 which directly compete against and unlawfully displace sales of the patented Rare Breed FRT-15™ trigger. *Id.* at ¶75.

- Both Graves and PBG committed acts of infringement that are willful and for no other purpose than to deliberately and irreparably harm Plaintiffs' business, sales, and reputation. *Id.* at ¶76.

### C. Damages

#### a. Money Damages

As a result of the factual findings (based on the allegations in the Complaint being established) Graves and PBG shall be liable for money damages that are within the fair scope of the allegations in the pleadings. 10 *Moore's Federal Practice*, § 55.34[1] (Matthew Bender 3d Ed.). Patent infringers are jointly and severally liable. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 500, 12 L. Ed. 2d 457, 84 S. Ct. 1526, 1964 Dec. Comm'r Pat. 760 (1964); *see also Rotating Prods. Sys. v. Bock Specialties, Inc.*, 2001 U.S. Dist. LEXIS 25147, *21 (D. Colo. March 19, 2001). Accordingly, Graves and PBG are jointly and severally liable for the judgment amount entered against, at least, Valor Manufacturing, LLC, which is a fair and reasonable amount based on the scope of the allegations contained in the pleadings. *See Decls. of Glenn Bellamy*; *Cole Leleux, and Lawrence DeMonico*.

Plaintiffs respectfully request that the Court enter a default judgment against Graves and PBG in the following amount: $1,308,600. That amount of single damages should then be trebled due to the willful infringement of Graves and PBG and the exceptional nature of this action. Including Plaintiffs' reasonable attorney fees, the final damages sum is $3,949,800. The Patent Act expressly permits the Court to award the prevailing party its reasonable attorney fees. 35 U.S.C. § 285. The declaration of Cole Leleux (*Dkt*. 52) submitted in support of Plaintiffs' original Motion for Default Judgment (*Dkt*. 48) should be considered as evidence of Plaintiffs' reasonable and fair damages.

### b. Permanent Injunction

Plaintiffs also ask that Graves and PBG be permanently enjoined according to the same terms of the permanent injunction already entered in this action against, at least, Valor Manufacturing, LLC. *Dkt*. 45. Courts such as this, which possess subject matter jurisdiction over patent infringement suits, may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable. 35 U.S.C. § 283. To obtain a permanent injunction, the plaintiff must demonstrate:

1. Actual Success on the merits;
2. Irreparable harm unless the injunction is issued;

3. The threatened injury outweighs the harm that the injunction may cause the opposing party; and

4. The injunction, if issued, will not adversely affect the public interest.

*Sw. Stainless, LP v. Sappington,* 582 F.3d 1176, 1191 (10th Cir. 2009) (citation omitted). Here, the permanent injunction factors weigh strongly in favor of Plaintiffs.

Regarding actual success on the merits: the entry of default against Graves and PBG requires that the Court accept as true the allegations that Graves and PBG willfully infringed the '223 Patent and that the allegations concerning their propensity to continue infringing the '223 Patent are well founded. *See e.g.,* Dkt. 2 ¶¶59-77.

Regarding irreparable harm unless the injunction is issued, Defendant Graves has shown a wholesale lack of appreciation for the judicial system and the patent system. *Decls. of Glenn Bellamy and Lawrence DeMonico*; *see also Dkts.* 48-4, 48-5. Defendant Graves has consistently and publicly (but falsely) proclaimed his alleged authority to make, use, and sell technology covered by the '223 Patent due to his alleged ownership of the "technology" contained therein. *Dkts.* 48-4, 48-5. This is despite: (1) the '223 Patent being the lawful property of the Plaintiffs; (2) the United States Patent and Trademark Office having considered Graves' prior patents

as references when the '223 Patent was examined; and (3) Plaintiffs having successfully litigated against Defendant Graves in another forum regarding ownership of a related technology. *See* Decls. Of Bellamy and DeMonico. Defendant Graves has also admitted that he has committed acts of infringement by "personally or hav[ing] induced others in the marketing, offering for sale, or sale of the Alamo15 on the internet." *Declaration of Mark McLean.* As recent as August 22, 2022, Defendant Graves has admitted to having committed acts of continued patent infringement through his sale of the Powered By Graves Alamo-15. *Id.* Thus, because Plaintiffs' allegations that the Powered By Graves Alamo-15 is an infringement of the '223 Patent are to be taken as true and established, Graves' admission that he has continued selling or inducing others to sell the Alamo-15 point to continued irreparable damage to Plaintiffs unless Graves is properly enjoined. Defendant Graves' misunderstanding of the patent system, his lack of respect and appreciation for ordinary tenets of business ownership, his admission to having continued to infringe the '223 Patent, and his willingness to flout Plaintiffs' legitimate rights and slander the genesis of their ownership of the '223 Patent in public (*id.*) speaks to the degree of irreparable damage that Plaintiffs will endure unless Graves is enjoined from further acts of infringement.

As for PBG, it is clear that Graves has an association with PBG and regularly presents himself as a representative thereof. *Decl. of Lawrence DeMonico*; *Dkt.* 48-

5. Defendant Graves announced and launched his product, the Powered by Graves Alamo-15 trigger, in a YouTube promotion that touts the "*Powered by Graves*" Alamo-15 and "poweredbygraves.com" as sources for the infringing trigger. *Dkt.* 2, ¶¶61-67. Graves also appears at events and outings which are sponsored by the namesake company, PBG; Defendant Graves drives a vehicle that bears markings of the namesake company, PBG; and there is reason to believe that the PBG entity was set up as a shell to participate and/or play a role in the plan to manufacture and sell the Alamo-15. Plaintiffs have been unable to conduct discovery in this action due to the defaulting nature of Graves and PBG, so the true extent of direction or control that Graves holds over PBG is unknown. Nevertheless, the evidence available to Plaintiffs about Graves irrefutably shows a direct correlation between Graves and PBG, especially with respect to the infringement by the Alamo-15 of the '223 Patent.

Regarding the third and fourth prongs, there is no undue hardship to Graves or PBG because a permanent injunction will merely prevent them from engaging in further unlawful activity—activity which Graves has admitted to having continued. *Decl. of McLean.* An injunction enforcing a patent against an infringer further the public policy of encouraging useful innovation by rewarding the inventor with the limited right to exclude that which is the expected result of obtaining the patent. Indeed, "[w]ithout this injunctive power of the courts, the right to exclude granted by the patent would be diminished, and the express purpose of the Constitution and

Congress, to promote progress of the useful arts, would be seriously undermined. *Smith Int'l Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1577-78 (Fed. Cir. 1983); *see also Klein-Becker USA, LLC v. Tahini,* No. 2:07-cv-521, 2008 U.S. Dist. LEXIS 128927, 2008 WL 11340043, at *3 (D. Utah Aug. 15, 2008) ("Producing and selling counterfeit goods is illegal. There can be no cognizable harm to the Defendants by the issuance of an order requiring them to not break the law."). There is also reason to believe that PBG is a defunct entity that no longer conducts business—thus, there can be no undue hardship to a shell/defunct entity if it is enjoined from breaking the law. Similarly, entering a permanent injunction will not disserve the public interest. To the contrary, it will protect patented technology from infringement and encourage Graves to comply with the Patent Act and the intellectual property ownership rights of others. Graves has made a habit of wrongly, albeit publicly, asserting ownership over technology that is uncontrovertibly owned by the Plaintiffs. This type of assertion must be stopped or else it will confuse the public and disrupt Plaintiffs' ability to enforce their rights.

For these reasons, Plaintiffs respectfully request that the Clerk enter default judgment against Thomas Allen Graves and Powered By Graves, Inc.

DATED: December 13, 2022     Respectfully submitted,

*/Glenn D. Bellamy/*_____
Glenn D. Bellamy (Pro Hac Vice)

gbellamy@whe-law.com
Charles D. Pfister (Pro Hac Vice)
cpfister@whe-law.com
WOOD HERRON & EVANS LLP
600 Vine Street, Suite 2800
Cincinnati OH 45202
Tel: (513) 707-0243
Fax: (513) 241-6234

and

Colin H. Tucker (OK Bar No. 16325)
chtucker@rhodesokla.com
RHODES HIERONYMUS
Williams Center Tower II
Two West 2nd Street, Suite 1000
Tulsa Oklahoma 74103-3131
Tel: 918-582-1173
Fax: 918-592-3390

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022, I electronically filed the foregoing using the Court's CM/ECF filing system in which all counsel and parties of record are served.

/Glenn D. Bellamy/_____
Glenn D. Bellamy, Esq.
*Attorney for Plaintiffs*