IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RARE BREED TRIGGERS, LLC, and
ABC IP, LLC,

    Plaintiffs,

v.

THOMAS ALLEN GRAVES,
POWERED BY GRAVES, INC.,
VALOR MANUFACTURING LLC,
JANEWAY MACHINE, INC., and
7050 CORP.,

    Defendants.

Case No. 22-CV-107-GKF-JFJ

**ORDER**

This matter comes before the court on defendant Thomas Allen Graves' Motion and Notice for Leave to File Third-Party Complaint. [Doc. 66].

**I.**  **Background/Procedural History**

On March 8, 2022, plaintiffs Rare Breed Triggers, LLC and ABC IP, LLC filed a Complaint for Patent Infringement. [Doc. 2]. Plaintiffs served defendant Thomas Allen Graves with the Complaint on March 18, 2022 [Doc. 11] and defendant Powered by Graves, Inc. on March 30, 2022 [Doc. 12]. The plaintiffs filed an Amended Complaint on June 15, 2022. [Doc. 36]. The Clerk of Court entered default against Mr. Graves and Powered by Graves, Inc. on April 18 and May 4, 2022, respectively. [Docs. 20, 25]. On October 27, 2022, the court entered an Amended Consent Judgment and Permanent Injunction, upon motion of the plaintiffs, against defendants Valor Manufacturing, LLC, Janeway Machine, Inc., and 7050 Corp. [Doc. 45]. Having never answered or appeared, defendants Mr. Graves and Powered by Graves, Inc. were not parties to the negotiated consent judgment and permanent injunction.

On December 15, 2022, the court entered default judgment against Mr. Graves and Powered by Graves, Inc. in the sum of $3,925,800.00 for the willful infringement of Claim 4 of U.S. Patent No. 10,514,223. [Doc. 58]. On November 2, 2023, plaintiffs moved the court for an order directing Mr. Graves to appear at an asset hearing, as Mr. Graves had not satisfied the judgment entered against him. [Doc. 59]. In their motion, plaintiffs asserted that post-judgment discovery requests were personally served on Mr. Graves, who responded on August 30, 2023 by objecting to all but one interrogatory and request for production. [*Id.* at p. 2, ¶¶ 6-7; Doc. 59-1]. In his response to plaintiffs' discovery requests, Mr. Graves asserted a right to indemnification from a non-party to the case. [Doc. 59, p. 2, ¶ 7; Doc. 59-1, pp. 19-20]. The asset hearing was set before United States Magistrate Judge Jodi F. Jayne on December 20, 2023. [Doc. 60].

On December 18, 2023, two days prior to the asset hearing, Mr. Graves filed a *pro se* "Emergency Motion to Set-Aside." [Doc. 61]. The court construed Mr. Graves' motion as one to strike the asset hearing before Judge Jayne and ordered Mr. Graves to file a motion to vacate the default judgment, if any, by February 1, 2024.[1] [Doc. 63]. On February 1, 2024, instead of filing a motion to vacate as directed, Mr. Graves filed a "Motion and Notice for Leave to File Third-Party Complaint." [Doc. 66].[2] Also on February 1, 2024, Mr. Graves filed a document titled, "Support for Emergency Orders to Compel Licensee Compliance." [Doc. 67].

---

[1] By minute order on December 19, 2023, Judge Jayne granted Mr. Graves' motion and struck the asset hearing. [Doc. 64].

[2] Mr. Graves' *pro se* submission filed at Doc. 66 is poorly organized and difficult to follow. Page 1 contains only the case style, and page 2 is a cover letter indicating that he "moves the court for leave to make *Big Daddy Unlimited Inc. and Anthony McKnight*, [sic] third-party defendants to this action and to serve on *them* the summons and third-party complaint set forth in Exhibit A attached to this motion." Mr. Graves identifies pages 3 through 12 as his Exhibit A, while pages 13 through 20 contain the actual motion requesting his desired relief.

Consistent with his response to the plaintiffs' discovery requests, Mr. Graves contends in his February 1, 2024 filings that, though he may be liable, non-parties Tony McKnight and Big Daddy Unlimited, Inc. (BDU) have a duty to indemnify him pursuant to a licensing agreement. Specifically, Mr. Graves asserts that, after he became aware of the plaintiffs' patent suit against him, he contacted Mr. McKnight and BDU and requested legal representation. [Doc. 66, pp. 16-17, ¶ 5]. Although Mr. McKnight and representatives of BDU allegedly informed Mr. Graves they intended to hire counsel to represent him, an attorney was never retained on Mr. Graves' behalf. [*Id.*]. As a result, Mr. Graves requests the court find that Mr. McKnight and BDU breached their licensing agreement with him and order them to pay him $300,000.00 so that he may retain counsel to "litigate the current lawsuit that was initiated by Plaintiff as a direct result of the actions taken by [Mr. McKnight and BDU]." [*Id.* at p. 17]. Mr. Graves' filings further suggest plaintiffs obtained the patent under which they proceed in this case by using his stolen lab notes and a physical prototype. [Doc. 67, p. 8, ¶ 8].

Rare Breed filed an objection and response to Mr. Graves' motion for leave to file third-party complaint. [Doc. 68]. Mr. Graves' reply was due by March 1, 2024. *See* [Doc. 69; Doc. 70]. On February 29, 2024, in lieu of a reply, Mr. Graves filed a "Notice of Plaintiffs' Default for Failure to Respond to Wrong Party Pro Se Defendant's 02/01/24, with Request for Infringement Determination of the Infringing Party, with Ordered Damages Sought, with Final Disposition of Case by Summary Judgment in Favor of the Non-Infringing Party Defendant." [Doc. 71]. Mr. Graves alleges that plaintiffs infringed on his patent and requests the court "enter default upon Plaintiffs for its' failure to respond, and grant all orders sought in Graves [sic] 02/01/24 filing for orders of indemnification…" [Doc. 71, p. 6]. Mr. Graves further requests the court sanction the

3

plaintiffs in the amount of $25,000.00, grant summary judgment in his favor, and examine his patent infringement claim against plaintiffs. [*Id.* at p. 7].

**II.     Analysis**

As a *pro se* litigant, Mr. Graves' filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). However, "although [the court makes] some allowances for the [pro se party's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleadings requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citation omitted). Further, pro se litigants are bound by the same rules of procedure governing all others in this court. *Id.*

   A.  *Leave to File Third-Party Complaint*

"A final decision is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Rekstad v. First Bank System, Inc.*, 238 F.3d 1259, 1261 (10th Cir. 2001) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *United States v. Romero*, 511 F.3d 1281, 1283 (10th Cir. 2008) ("A final judgment is one that ends the litigation on the merits, leaving nothing to decide.") (internal quotation and citation omitted). Here, the default judgment entered against Mr. Graves and Powered by Graves resolved all remaining liability and damages claims against them. Thus, the default judgment constitutes a final judgment. *Martinez v. Dart Trans, Inc.*, 547 F. Supp. 3d 1153, 1182 n.7 (D.N.M. 2021). Entry of a final judgement "terminates the Court's jurisdiction over the main case – those claims over which the Court has original, pendent, or pendent-party jurisdiction." *Pedroza v. Lomas Auto Mall, Inc.*, 304

4

F.R.D. 307, 333 (D.N.M. 2014). *See also Payne v. Tri-State Careflight, LLC*, No. CIV 14-1044 JB/KBM, 2019 WL 1242672, at *18 (D.N.M. March 16, 2019).

The final default judgment entered against Mr. Graves and Powered by Graves, Inc. terminated the court's jurisdiction over this case. Mr. Graves is not free to appear post-judgment and seek leave to file a third-party complaint. *See Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the court's rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.") (internal citations omitted). Therefore, Mr. Graves' motion for leave to file a third-party complaint and any other requests for specific relief against plaintiffs asserted in Mr. Graves' various notices to the court are dismissed for lack of jurisdiction.

## B. *Vacating Default Judgment*

To reconsider a final judgment and obtain relief from a final judgment, Mr. Graves is required to proceed under Federal Rule of Civil Procedure 60. *Payne*, 2019 WL 1242672, at *28. On December 19, 2023, the court directed Mr. Graves "to file a Motion to Vacate the Default Judgment, if any, on or before February 1, 2024." [Doc. 63]. Instead of filing a motion to vacate the default judgment, Mr. Graves moved for leave to file a third-party complaint. Mr. Graves' motion and related filings do not constitute a motion to vacate the default judgment, as they are focused on obtaining indemnification from third parties for the damages awarded in the default judgment. However, under the liberal standards governing *pro se* filings, and because Mr. Graves's filings were submitted on the deadline established for his motion to vacate, the court


analyzes whether Mr. Graves offers a basis for relief from the default judgment under Federal Rule of Civil Procedure 60.

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) "strikes a delicate balance between two countervailing impulses of the judiciary: 'The desire to preserve the finality of judgments and incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Mullin v. High Mountain*, 182 Fed. App'x 830, 832 (10th Cir. 2006) (unpublished)[3] (quoting *Cessna Fin. Corp.*, 715 F.2d at 1444). Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Motions for relief under Rule 60(b) must be filed within a "reasonable time" and, with respect to the reasons outlined in Rule 60(b)(1), (2), and (3), within a year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). A court is not permitted to extend the time to act under Rule 60(b). Fed. R. Civ. P. 6(b)(2).

After a thorough review of Mr. Graves' motion, the court concludes that portions of it may be liberally construed to assert a basis for relief from the default judgment under Rule 60(b)(1) for

---

[3] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. Rule 32.1(A).

excusable neglect and under Rule 60(b)(3) for fraud or misconduct by an opposing party. Even so, his time to seek such relief has expired. Mr. Graves' February 1, 2024 motion came more than a year following the December 15, 2022 default judgment, and any attempt to vacate the default judgment pursuant to Rules 60(b)(1) and 60(b)(3) is time barred. And even if those attempts were not time barred, his motion provides no plausible basis for relief for excusable neglect[4] or for fraud or misconduct by an opposing party.[5]

Mr. Graves also asserts that plaintiffs' suit constitutes a "fraud upon the court." *See* [Doc. 66, p. 10; Doc. 67, p. 7, ¶ 6]. Federal Rule of Civil Procedure 60(d)(3) provides the court with authority to set aside a judgment for fraud on the court. There is no time limit for proceedings under Rule 60(d)(3). *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002). The Tenth Circuit defines fraud on the court as "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985). "It is thus fraud where the court or a member

---

[4] Mr. Graves provides no indication he made any effort to appear *pro se* or personally retain counsel after Mr. McKnight and BDU allegedly failed to hire an attorney on his behalf. *See* [Doc. 66, pp. 16-17, ¶ 5]. Mr. Graves' motion, notice, and other supporting materials also provide no explanation as to why he failed to appear during the twenty-one months between service of the suit on March 18, 2022 and the filing of his motion to strike the asset hearing on December 18, 2023. The length of time that Mr. Graves waited to appear and, *arguably*, challenge the judgment against him does not support relief for excusable neglect under Rule 60(b)(1). *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172-73 (10th Cir. 2011) (defendant not entitled to relief from default judgment for excusable neglect due to inability to explain six-month delay in locating counsel and filing motion to vacate).

[5] A court may set aside a judgment under Rule 60(b)(3) where fraud is "discovered after the entry of judgment." *Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir. 1972). Further, "[c]ourts determining Rule 60(b)(3) motions always require proof that the alleged fraud or other misconduct prevent the moving party from fully and fairly presenting his or her case at trial." 12 James Wm. Moore et al., Moore's Federal Practice – Civil § 60.43[1][c]. Here, Mr. Graves asserts that plaintiffs' "Grand Larceny theft" occurred in June 2016 – long before the case was filed against Mr. Graves and the default judgment entered against him. [Doc. 67, p. 7, ¶ 4]. As such, Mr. Graves' statements provide no basis for relief under Rule 60(b)(3).

is corrupted or influenced or influence is attempted where the judge has not performed his judicial function – thus where the impartial functions of the court have been directly corrupted." *Id*. Because of "the strong interest in preserving the finality of a judgment, '[g]enerally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated,' rises to the level of fraud on the court." *United States v. Pickard*, 814 Fed. App'x 386, 401 (10th Cir. 2020) (unpublished) (quoting *Zurich N. Am. v. Matrix Service, Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005)).

Mr. Graves' allegations of fraud upon the court rest upon his contention that he is not liable for patent infringement, and that plaintiffs were aware of this when they filed suit and the court entered default judgment. Construed liberally, Mr. Graves' statements and arguments are insufficient to raise a claim for relief under Rule 60(d)(3).

### III. Conclusion

WHEREFORE, the Motion and Notice for Leave to File Third-Party Complaint [Doc. 66] of defendant Thomas Allen Graves is dismissed without prejudice for lack of jurisdiction.

IT IS FURTHER ORDERED that to the extent Mr. Graves' Motion and Notice for Leave to File Third-Party Complaint [Doc. 66] may be construed as a motion to vacate the default judgment entered against him, it is denied.

IT IS SO ORDERED this 14th day of March, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE