IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | RARE BREED TRIGGERS, LLC, a North Dakota limited liability company, and | ) ) ) |
| 2 | ABC IP, LLC, a Delaware limited liability company, | ) ) ) |
| | | ) |
| | Plaintiffs | ) |
| | | ) |
| v. | | ) 4:22-cv-00107-GKF-JFJ |
| | | ) |
| 1. | THOMAS ALLEN GRAVES, an individual, | ) |
| 2. | POWERED BY GRAVES, INC., an Oklahoma corporation, | ) ) |
| 3. | VALOR MANUFACTURING LLC, an Oklahoma limited liability company, and | ) ) |
| 4. | VALOR ARMS LLC, an Oklahoma limited liability company, | ) ) |
| | | ) |
| | Defendants. | ) |

**PLAINTIFFS' MOTION TO COMPEL
ASSIGNMENTS OF INTELLECTUAL PROPERTY**

Plaintiffs, pursuant to Federal Rules of Civil Procedure 66 and 69(a), and 12 Okla. Stat. § 733, respectfully moves for the entry of an Order of execution against Judgment Debtor Thomas Allen Graves ("Graves") in connection with the Judgment entered in this case. Plaintiffs request that the Court direct and compel assignment of Graves' intellectual property to Plaintiffs or to a Court-appointed receiver for management and/or liquidation toward satisfaction of the Judgment entered against Graves in this case.

**INTRODUCTION**

1. On December 15, 2022, this Court entered Judgment for Plaintiffs and against Graves in the sum of $ 3,928,500.00. (Doc. 58). To date, the Judgment is entirely unpaid.

2. Included within Graves assets are certain patents of which Graves is the owner: (i) U.S. Patent No. 9,568,264 issued on February 14, 2017, (ii) U.S. Patent No. 9,816,772 issued November 14, 2017, (iii) U.S. Patent No. 9,939,221 issued on April 10, 2018, (iv) U.S. Patent No. 10,502,511 issued on December 10, 2019, U.S. Patent No. 11002500 issued on May 11, 2021, and U.S. Patent No. 11,629,923 issued on April 18, 2023.

3. Should Graves ever appear for one of the Court-ordered asset hearings, additional patents and intellectual property may be identified which Plaintiffs would seek to include within the scope of this motion.

4. Plaintiffs filed their Judgment with the United States Patent and Trademark Office on January 3, 2024, as to each of the five patents listed above. 1

5. To date, none of those patents have been assigned to Plaintiffs.

6. Graves is a party to a contract with Big Daddy Unlimited and Tony McKnight, which Graves asserts as the basis for a cause of action ("Contract Claim") against McKnight and his company, Big Daddy Unlimited. *See, e.g.*, Doc. 86 at 56-60. This cause of action.

7. Because Graves' above-identified patents ("Graves Intellectual Property") and ripe causes of action arising out of contract cannot be obtained in aid of

execution without Order of this Court, the relief sought here is appropriate and should be granted.

8. Further, Graves is at risk of dissipating and wasting these assets. Patent rights require payment of maintenance fees. Graves already has allowed one of his patents, U.S. Patent No. 10,502,511 to expire early for failure to pay its maintenance fee. Additionally, Graves' U.S. patent application Nos. 16393185, 17316126, and 63218353 were deemed abandoned in May 2023 and August 2023.

9. Accordingly, an Order should be entered in which:

(a) Graves is compelled to execute written assignments to Plaintiffs of all right, title and interest in the Graves Intellectual Property and the Contract Claim, or in the absence of Graves' consent, the Court assigns all right, title and interest in the Graves Intellectual Property and Contract Claim directly to Plaintiffs;

or, in the alternative,

(b) order that Plaintiffs are assigned the owners of the Contract Claim and a receiver should be appointed under Fed. R. Civ. P. 66, to accept written assignments of the Graves Intellectual Property on behalf of Plaintiffs and such receiver should be directed to complete the lawful transfer and sale of the Graves Intellectual Property to be applied toward payment of the Judgment.

## ARGUMENT AND AUTHORITIES

Under Rule 69 "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . .." Fed. R. Civ. P. 69(a). Thus, this Court applies Oklahoma state law in this situation. Chapter 13 of Title 12 of the Oklahoma Statutes (Sections 731-909) addresses writs of execution.

In Oklahoma, there are three kinds of executions: (1) against the property of the judgment debtor; (2) for the delivery of possession of real or personal property; and (3) executions in special cases. 12 O.S. § 732. By statute, "patents shall have the attributes of personal property." 35 U.S.C. § 261. Here, Plaintiffs seek to execute against the property of the judgment debtor—namely, his intellectual property, including his U.S. patents and his contractual claim against Tony McKnight and Big Daddy Unlimited.

"At any time after judgment, any property of the judgment debtor, including any equitable interest he may have, unless by law expressly excluded from being reached by creditors shall be subject to the payment of such judgment, by action, or as hereinafter provided." 12 O.S. § 841. These sections give judgment creditors broad rights, allowing execution both on the goods and chattels of a judgment debtor and on "any property of the judgment debtor, including any equitable interest."

This Court has held that a judgment creditor in Oklahoma has the right to execute on a judgment debtor's intellectual property in an effort to satisfy a money

4

judgment. *Skycam, LLC v. Bennett*, 62 F. Supp. 3d 1261, 1263-1264 (N.D. Okla. 2014).

This Court is not alone: other courts also have allowed execution on intellectual property. *See Ager v. Murray*, 105 U.S. 126, 128 (1881) (endorsing the use of an equitable proceeding known as a creditor's bill to order the sale of a debtor's patents); *Coldren v. Am. Milling Research & Dev. Inst., Inc.*, 378 N.E. 2d 870, 872 (Ind. Ct. App. 1978) ("[W]hile patent and contract rights have traditionally been unavailable to a judgment creditor upon simple execution unless the judgment debtor volunteers their availability, they are available to satisfy the judgment through proceedings supplementary to execution."); *Olive Branch Holdings, L.L.C. v. Smith Tech. Dev., L.L.C.*, 909 N.E.2d 671, 683 (Ohio Ct. App. 2009) ("[W]e find that a creditor's bill is an appropriate method by which a judgment creditor may subject its debtor's rights in a patent to satisfaction of a judgment.").

In the alternative, this Court is empowered to appoint a receiver to dispose of the Graves' Intellectual Property. *See, e.g.*, *Kenyon v. Automatic Instrument Co.*, 160 F.2d 878, 884 (6th Cir. 1947) ("It is no longer open to question that a receiver appointed by a court may execute an assignment of a patent owned by an insolvent debtor."); *Yufa v. TSI Inc.*, 09-CV-01315-KAW, 2016 WL 8929244, at *2 (N.D. Cal. Feb. 18, 2016) ("A patent owner may be compelled to assign all of his rights in a patent to an appointed receiver to dispose of it in satisfaction of a judgment."); *Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*, 2006 WL 616267 (E.D.N.Y. Mar.

6, 2006) (finding that New York law authorized the court to order the defendant judgment debtor to turn over its patent rights to a receiver).

## CONCLUSION

Plaintiffs respectfully request that this Court enter an Order for the following relief in furtherance of satisfaction of Judgment:

(a) compelling Graves to execute written assignments to Plaintiffs of all right, title and interest in the Graves Intellectual Property and Contract Claim, or in the absence of Graves' consent, assigning all right, title and interest in the Graves Intellectual Property and Contract Claim to Plaintiffs; or, in the alternative,

(b) appointing a receiver under Fed. R. Civ. P. 66 to accept written assignments of Graves Intellectual Property on behalf of Plaintiffs and further directing the receiver to complete the lawful transfer and sale of the Graves Intellectual Property to be applied toward payment of the Judgment.

A proposed form of order is submitted with this Motion.

Respectfully Submitted,

By: */s/ Colin H. Tucker*
COLIN H. TUCKER, OBA 16325
chtucker@rhodesokla.com
**RHODES HIERONYMUS JONES TUCKER & GABLE**
P.O. Box 21100
Tulsa, OK 74121-1100
(918) 582-1173; (918) 592-3390 [fax]

-and-

>Glenn D. Bellamy
>gbellamy@whe-law.com
>(admitted *pro hac vice*)
>Wood Herron & Evans LLP
>600 Vine Street, Suite 2800
>Cincinnati, OH 45202
>(513) 707-0243; (513) 241-6234[fax]
>
>***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I certify that on this 31st day of May, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECFR System for filing, with the Clerk transmitting a Notice of Electronic Filing to all registered ECF participants. A copy was served by U.S. Mail to:

Thomas Allen Graves
295 Eagle Point Lane
Sand Springs, OK 74063

>*/s/ Colin H. Tucker*
>COLIN H. TUCKER