IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. RARE BREED TRIGGERS, LLC, a North Dakota limited liability company, and<br>2. ABC IP, LLC, a Delaware limited liability company, | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. 4:22-cv-00107-GKF-JFJ |
| 1. THOMAS ALLEN GRAVES, an individual,<br>2. POWERED BY GRAVES, INC., an Oklahoma corporation,<br>3. VALOR MANUFACTURING LLC, an Oklahoma limited liability company, and | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MOTION OF PLAINTIFFS FOR CONTEMPT AND BRIEF IN SUPPORT

Plaintiffs move for entry of an order of civil contempt as to Defendants Thomas Allen Graves and Powered by Graves, Inc ("Graves").

## INTRODUCTION

On the eve of an asset hearing set for December 20, 2023, Graves filed an "Emergency Motion to Set Aside" the default judgment against him. [Doc. 61] The court struck the asset hearing [Doc. 62] and gave him until February 1, 2024, to file a proper Motion to Set Aside the Default Judgment. [Doc. 63] Graves has since failed to show for two asset hearings that were held April 17 and May 15, 2024, despite notice, yet Graves has continued to file motions and briefing—pleadings that have been either denied or stricken, time and again.

A process exists for resolving a contempt motion: (1) certification by a magistrate judge (2) of facts showing a prima facie case of civil contempt, and (3) a show cause hearing for why

civil contempt should not issue despite certified facts showing civil contempt.

1. **Certification of facts by a magistrate judge.**

The underlying proceeding —an asset hearing of a judgment debtor—occurred pursuant to a referral to a magistrate judge, 28 U.S.C. § 636(b). Magistrate judges cannot hold a party in contempt, but they can compile an evidentiary record sufficient to enable a district judge to issue an order of contempt. This evidentiary record is known as "a certification of facts", which works like this:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C.A. § 636(e)(6)(B)(iii). A magistrate judge's contempt authority is limited to certifying the facts to a district judge. *Big O Tires, LLC v. D & T Auto Sales & Service, Inc.*, 2010 WL 1568571, at *2 (D. Colo. Jan. 8, 2010) (quoting *Bowens v. Atlantic Maintenance Corp.*, 546 F.Supp.2d 55, 71 (E.D.N.Y. 2008)).

2. **The certified facts support a *prima facie* case of contempt.**

Civil contempt is intended to compel a party to act and to compensate parties for their losses resulting from non-compliance. *See United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947). To prove civil contempt, it must be shown by clear and convincing evidence "that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

    a. **A valid court order existed.**

Graves was ordered to appear for an asset hearing set for April 17, 2024. [Doc. 79].

Graves did not appear at that hearing. [Doc. 90] The Court warned Graves that "failure to appear may result in the imposition of sanctions by the Court." *Id.*

Graves was ordered again to appear for an asset hearing set for May 1, 2024, and subsequently reset to May 15, 2024. [Docs. 90, 96] Graves did not appear at that hearing. [Doc. 98]

### b. Graves had knowledge of the order.

Graves is not an ECF registrant, but he has a physical address on record with the Court. [Doc. 69: Order requiring that Graves be served pleadings at the mailing address shown on the docket and directing Clerk of Court to do same]. The address on record with the Clerk of Court is the same address set out by Graves on Graves' first pleading in this case. *See* "Emergency Motion to Set Aside" [Doc. 61] filed by Graves December 19, 2023, seeking to set aside the "Assets Hearing" set for December 20, 2023.

### c. Graves disobeyed the order.

Graves failed to appear at either hearing despite having been ordered to appear. [Docs. 90, 98, 100] This Court entered orders memorializing Graves' failure to appear. *Id.*

### 3. A show cause hearing precedes a finding of civil contempt.

Upon a certification of facts supporting a claim of civil contempt, a show cause hearing is required. 28 U.S.C.A. § 636(e)(6)(B)(iii) (quoted, *supra*). Civil contempt sanctions "are designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 2557 (1994).

A show cause hearing by statute must be before a district judge. 28 U.S.C.A. §

636(e)(6)(B)(iii). However, that hearing can be conducted by a magistrate judge, the results of which thereupon are submitted to the district judge in the form of a report and recommendation. *See, e.g., DHL Network Operations (USA) Inc. v. Fed. Aviation Title Co. of Oklahoma LLC*, No. CIV-18-429-F, 2018 WL 6683934, at *3 (W.D. Okla. Nov. 21, 2018), *report and recommendation adopted sub nom. DHL Network Operations (USA), Inc. v. Fed. Aviation Title Co. of Oklahoma L.L.C.*, No. CV-18-0429-F, 2018 WL 6683298 (W.D. Okla. Dec. 19, 2018) (magistrate judge's report and recommendation that district court hold evidentiary hearing with respect to motion for contempt, following defendant's failure to appear for asset hearings and failure to appear for show cause hearing).

Note that willfulness is not an element of civil contempt:

> [t]he contemnor's disobedience need not be 'willful' to constitute civil contempt. Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered.

*Arkon Sols., Inc. v. Platinum Chem. Corp.*, No. CIV-22-223-G, 2023 WL 8789762, at *2 (W.D. Okla. Dec. 19, 2023), quoting *Bad Ass Coffee Co. of Haw. v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (citation omitted).

4. **The Court fashions the remedy for civil contempt.**

The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193, 69 S.Ct. 497 (1949). "The arsenal of sanctions available to a court for civil contempt includes compensatory and coercive fines, as well as imprisonment." *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 36 (D.D.C. 2014), citing *Pigford v. Veneman*, 307 F.Supp.2d 51, 55–57 (D.D.C.2004) (discussing compensatory and coercive civil contempt fines); *Landmark*

*Legal Found. v. EPA*, 272 F.Supp.2d 70, 76 (D.D.C.2003) (discussing incarceration for civil contempt).

Should the Court hold Graves in contempt; thereafter order Graves to appear at a future asset hearing, and Graves yet again fail to appear, it is appropriate to issue a bench warrant to compel Graves' attendance and to thereby purge Graves' contempt. *United States v. Williams*, No. CIV-06-305-F, 2006 WL 3627106, at *2 (W.D. Okla. Aug. 8, 2006); *see also Gersh v. Anglin*, 2022 WL 2466782, at *5 (D. Mont. May 11, 2022), *report and recommendation adopted*, 2022 WL 4534269 (D. Mont. Sept. 28, 2022) (defendant given 30 days to purge contempt or else bench warrant to issue); *In re Vaso Active Pharm, Inc.*, 514 B.R. 416, 425 (D. Del. 2014) (civil contempt sanction of incarceration may be appropriate "when it is strongly believed there is no reason to expect compliance with increased monetary sanctions, particularly if there has been a history of noncompliance with the court").

## CONCLUSION

In support of its oral motion for civil contempt, Plaintiffs ask the Court to certify that the facts of Graves' conduct establish a *prima facie* case of civil contempt, and that a report and recommendation issue recommending that Graves be held in civil contempt.

Respectfully Submitted,

By: /s/ *Colin H. Tucker*
COLIN H. TUCKER, OBA 16325
chtucker@rhodesokla.com
RHODES HIERONYMUS JONES
 TUCKER & GABLE
P.O. Box 21100
Tulsa, OK 74121-1100
(918) 582-1173; (918) 592-3390 [fax]

-and-

Glenn D. Bellamy
gbellamy@whe-law.com
WOOD HERRON & EVANS
600 Vine Street, Suite 2800
Cincinnati, OH  45202
(513) 707-0243; (513) 241-6234 [fax]

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2024, I electronically transmitted the foregoing documents to the Clerk of Court using the ECFR System for filing, with the Clerk transmitting a Notice of Electronic Filing to all registered ECF participants, and to the following via United States Mail and through private process server:

Thomas Allen Graves

295 Eagle Point Lane

Sand Springs, OK 74063

/s/ Colin H. Tucker

Colin H. Tucker