IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RARE BREED TRIGGERS, LLC, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 22-CV-107-GKF-JFJ |
| THOMAS ALLEN GRAVES, et al., | ) ) ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION
### CERTIFYING FACTS OF CONTEMPT

Before the Court is Plaintiff's Motion for Contempt and Brief in Support (Docket No. 106), which was referred to the undersigned United States Magistrate Judge. For the reasons set forth herein, the undersigned enters this report and recommendation in accordance with 28 U.S.C. § 636(e), certifying facts of contempt to United States District Judge Gregory K. Frizzell and recommending the district court set a hearing upon a date certain and order Defendant Thomas Allen Graves to appear before the district court to show cause why he should not be adjudged in contempt.

### Background

Plaintiffs Rare Breed Triggers, LLC, and ABC IP, LLC ("Plaintiffs") seek to recover from Defendants Thomas Allen Graves and Powered by Graves, Inc. ("Graves") on a default judgment entered on December 15, 2022, in the amount of $3,925,800. (Docket No. 58). After Graves failed to appear for two court-ordered asset hearings (Docket Nos. 89, 98), Plaintiffs filed a motion for contempt (Docket No. 106), which was referred to the undersigned. After Graves was given the opportunity to respond to the motion, which he failed to do, the undersigned held a hearing on the motion. Graves failed to appear for the hearing. (Docket No. 121).

**Contempt Authority by a Magistrate Judge**

Under the circumstances set out in 28 U.S.C. § 636(e), a magistrate judge is conferred certain contempt powers. For purposes of this matter, if the magistrate judge finds "the act constitutes a civil contempt," the following contempt procedure is followed:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). Thus, a magistrate judge's contempt authority is limited to the certification of facts to the district judge. *See Big Cat Rescue Corp. v. Big Cat Rescue Entertainment Grp., Inc.*, Case No. FJ-13-01-F, 2015 WL 13919472, at *1 (W.D. Okla. Aug. 8, 2015); *Big O Tires, LLC v. D & T Auto Sales & Serv., Inc.*, No. 09-cv-01509, 2010 WL 1568571, at *2 (D. Colo. Jan. 8, 2010).

Although a magistrate judge may conduct a hearing as part of the certification process, "the magistrate judge functions only to certify the facts and not to issue an order of contempt." *Daniel & Max LLC v. Bab Holding Co., LLC*, Civ. No. 19-173 GJF/GBW, 2022 WL 19191, at *2 (D. N.M. Jan. 3, 2022) (quotation omitted). A certification of facts "shows that sufficient evidence exists to establish a prima facie case of contempt," but a magistrate judge "may decline to certify the facts where [he] is not satisfied that such contempt falls within one of the enumerated categories of § 636(e)(6)(B)." *GWACS Amory, LLC v. KE Arms, LLC*, Case No. 20-cv-00341-CVE-SH, 2022 WL 2257043, at *3 (N.D. Okla. June 23, 2022) (citations omitted).

In the context of a motion for civil contempt, the moving party "has the burden of proving, by clear and convincing evidence, [1] that a valid court order existed, [2] that the defendant had

knowledge of the order, and [3] that the defendant disobeyed the order." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (quotation omitted); *see also F.T.C. v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004). If the burden is met, a defendant must "show either that he had complied with the order or that he could not comply with it." *Id*. A defendant's "disobedience need not be 'willful' to constitute civil contempt. Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered." *Bad Ass Coffee Co. of Haw., Inc. v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (citation omitted).

## Certification of Facts

The undersigned hereby certifies the following facts for the district court that are material to the issue of contempt:

1. On December 15, 2022, the district court entered a Default Judgment in favor of Plaintiffs and against Graves, in the amount of $3,925,800. (Docket No. 58).

2. On November 2, 2023, Plaintiffs filed a Motion to Set Asset Hearing (Docket No. 59), based upon Graves' failure to satisfy the judgment and his failure to fully respond to post-judgment discovery requests Plaintiffs issued to him in August of 2023. Plaintiffs requested that Graves bring various categories of financial documents with him to the asset hearing.

3. The motion was granted, and an asset hearing was scheduled before United States Magistrate Judge Jodi F. Jayne for December 20, 2023. (Docket No. 60). However, on December 18, 2023, Graves filed an Emergency Motion to Set Aside (Docket No. 61). The asset hearing was stricken (Docket Nos. 62, 64), and the district court provided Graves until February 1, 2024, to file a motion to vacate the default judgment. (Docket No. 63).

4. After Graves failed to file the appropriate motion, Plaintiffs filed another Motion to Set Asset Hearing (Docket No. 77) on March 15, 2024, which was referred to the undersigned. (Docket No. 78). By order entered on March 18, 2024, an asset hearing was set for April 17, 2024, requiring that Graves bring certain financial documents with him to the hearing. (Docket No. 79). A copy of the order was mailed by the Court to Graves at his address of record (295 Eagle Point Lane in Sand Springs, Oklahoma). Graves failed to appear for the asset hearing. (Docket No. 89).

5. A second asset hearing was set for May 1, 2024 (Docket No. 90), but due to a court scheduling conflict, the asset hearing was reset for May 15, 2024. (Docket No. 96). Copies of both orders were mailed by the Court to Graves at his address of record.

6. After Graves failed to appear for the second asset hearing, Plaintiffs made an oral motion for civil contempt at the hearing. (Docket No. 98). The oral motion was referred by the district court, and the undersigned entered an order on May 22, 2024, directing Plaintiffs to file a brief in support of their oral motion for contempt by June 6, 2024, Graves was to respond by June 21, 2024, and a hearing was set for July 1, 2024. (Docket No. 100). A copy of the order was mailed by the Court to Graves at his address of record.[1]

7. When Plaintiffs failed to timely file a brief in support of their motion, the undersigned denied the oral motion on June 7, 2024, without prejudice to refiling. (Docket No. 104). A copy of the order was mailed by the Court to Graves at his address of record.

8. On June 7, 2024, Plaintiffs filed a Motion for Contempt and Brief in Support (Docket No. 106), which was referred to the undersigned. The certificate of service to the motion

---

[1] The undersigned ordered Plaintiffs to personally serve Graves with the May 22 Order and then file a certificate of service with the Court. (Docket No. 100 at 2). The record shows Plaintiffs did not do so.

reflects that service upon Graves was through the United States Mail and through private process server at his address of record. *Id*. at 6.

9. On June 14, 2024, Plaintiffs filed a Notice of Certificate of Service (Docket No. 107), outlining their attempts to personally serve Graves with the Court's June 7 Order and Plaintiffs' Motion to Compel Assignments of Intellectual Property (Docket No. 101), which was also referred to the undersigned. *Id*. at 1. Plaintiffs were unable to personally serve Graves, but instead left a copy of the documents at 289 Eagle Point Lane. *Id*. at 3. Plaintiffs also mailed a copy of the order and the certificate of service to Graves at his address of record. *Id*. at 1.

10. On July 3, 2024, the undersigned set the Motion for Contempt and the Motion to Compel Assignments of Intellectual Property (Docket No. 101) for hearing on July 23, 2024. (Docket No. 112). A copy of the order was mailed by the Court to Graves at his address of record.

11. On July 17, 2024, the July 3 Order mailed to Graves by the Court was returned. (Docket No. 116). On July 18, 2024, the undersigned directed Plaintiffs to file a certificate of service in compliance with the Court's July 3 Order. (Docket No. 117). Plaintiffs filed a Notice of Service of Pleadings (Docket No. 118) on July 19, 2024, detailing service on Graves of the July 3 Order and the court mail marked returned. Plaintiffs outlined three means of service on Graves. First, Lawrence DeMonico, President of Rare Breed Triggers, LLC, indicated in a declaration attached to Plaintiffs' notice that he utilized a phone number and two e-mail addresses, which he had used to successfully communicate with Graves in the past, to e-mail and text Graves a copy of the July 3 Order and the court mail marked returned on July 19, 2024. (Docket No. 118-1). Second, Plaintiffs attempted to send the same documents to Graves via FedEx on July 17, 2024, which upon attempt at delivery on July 18, 2024, it was noted "Customer not available or business closed – Access is controlled by customer." (Docket No. 118-2). Third, Plaintiffs' counsel

5

attempted service on Graves on July 19, 2024, by leaving a copy of the documents in a mailbox he identified as Graves and at the property associated with Graves' mailing address (295 Eagle Point Lane) as identified by Osage County property records. (Docket Nos. 118-3, 119).

12. On July 22, 2024, Graves filed a Clarification of Record Address (Docket No. 120), listing the address and phone number utilized by Plaintiffs when attempting to serve him with the Court's July 3 Order as his correct address and phone number.[2]

13. Although Graves has filed many pleadings in this matter, he did not file a response to Plaintiffs' Motion for Contempt.[3]

14. The undersigned held the hearing on the Motion for Contempt on July 23, 2024. Graves did not appear for the hearing. (Docket No. 121).

Based upon the above facts, the undersigned finds and certifies that Plaintiffs have established by clear and convincing evidence the elements of civil contempt. Valid court orders were entered, including two orders setting asset hearings and an order setting a hearing on the Motion for Contempt. The facts also demonstrate that Graves had knowledge of the asset hearing orders, the Motion for Contempt, and the hearing on the motion, yet he did not appear or respond

---

[2] On July 30, 2024, Graves filed another Clarification of Record (Docket No. 128), indicating that he had not received certain mailings from the Court, including the July 3 Order, based upon a mistake by the postal service. *Id*. at 2. However, it is clear from the filing that Graves had knowledge of Plaintiffs' Notice of Service of Pleadings (Docket No. 118), which was mailed to 295 Eagle Point Lane, as he specifically references Plaintiffs' photographs of certain mailboxes attached as an exhibit to the notice.

[3] Prior to July 30, 2024, Graves has never acknowledged any of the orders issued by the undersigned, nor has he ever responded to the referred motions. The undersigned notes that although Graves did not file a response to the Motion for Contempt, he did file a reply to another motion on July 11, 2024, wherein he references the involvement of the undersigned "Mark C. Steele" in the matter. (Docket No. 114 at 8, 10, 11, 16).

in any manner. Thus, Graves has failed to come forth with any evidence explaining his noncompliance.

### Recommendation

Based upon the certification of the above facts, the undersigned finds that further contempt proceedings are warranted as provided by 28 U.S.C. § 636(e)(6), and therefore recommends that an order to show cause be issued and served upon Graves, compelling him to appear before the district court to show cause why he should not be adjudged in contempt.

The Court Clerk is directed to send, via United States mail, this Report and Recommendation Certifying Facts of Contempt to: (1) Thomas Allen Graves at 295 Eagle Point Lane, Sand Springs, Oklahoma 74063; (2) Thomas Allen Graves at P.O. Box 1238, Sand Springs, Oklahoma 74063; and (3) Adam Floyd at 3203 Blutts Lane, Parker, Texas 75002.

The undersigned advises Defendant Graves of his right to file specific, written objections to this Report and Recommendation Certifying Facts of Contempt. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objections must be filed on or before **August 28, 2024**. If specific, written objections are timely filed, Rule 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule," which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996), quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

7

**DATED** this 5th day of August, 2024.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT