IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RARE BREED TRIGGERS, LLC, et al.,

    Plaintiffs,

V.

THOMAS ALLEN GRAVES et al.,

    Defendants.

CASE No. 4:22-cv-00107-GKF-JFJ

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Rare Breed Triggers, LLC, and ABC IP, LLC (together, "Plaintiffs") and Defendant in Case No. 4:22-cv-00107-GKF-JFJ Thomas Allen Graves ("Defendant") (collectively, "the Parties") filed a Joint Motion for Entry of Consent Judgment and Permanent Injunction informing the Court that they have agreed to the entry of this Final Judgment.

The Parties advise the Court that they **HEREBY STIPULATE AND AGREE TO THE FOLLOWING:**

    1.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 et. seq. and 15 U.S.C. § 1051 *et seq.* The Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338(a).

1

2. The Court has personal jurisdiction over the parties and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1400.

3. Rare Breed Triggers, LLC ("Rare Breed") is a limited liability company organized under the laws of the State of Texas (previously organized in North Dakota).

4. ABC IP, LLC ("ABC") is a limited liability company organized under the laws of the State of Delaware.

5. Thomas Allen Graves is an individual residing in Oklahoma.

6. ABC is the owner of all right, title and interest in and to United States Patent Number 10,514,223 entitled "Firearm Trigger Mechanism" ("the '223 Patent").

7. Rare Breed holds the exclusive license to sell products covered by the '223 Patent and has standing to collect damages for lost profits.

8. All of the claims of the '223 Patent are valid and enforceable.

9. The Alamo-15 Drop in Trigger has been accused of infringing the '223 Patent.

10. The Parties intend that the issues of infringement, validity, and enforceability are hereby finally concluded and disposed of and that this CONSENT JUDGMENT AND PERMANENT INJUNCTION bars Defendant from contending in this action or any other proceeding that the claims of the '223 Patent are invalid, unenforceable, or not infringed.

11. Defendant has been making or causing to be made, using or causing to be used, offering to sell, and selling forced reset triggers (i.e., the Alamo-15 Drop in

Trigger) which are covered by one or more claims of the '223 Patent (the "Infringing Products").

12. At least one claim of the '223 Patent is infringed by the Infringing Products sold or offered for sale by Defendant.

13. The Parties agree that Plaintiffs had the manufacturing capacity to produce and staff to sell all of the Infringing Products sold by Defendant, and but for the infringement would have realized significant profits and royalties from such sales.

14. Plaintiffs and Defendant have entered into a separate Confidential Settlement Agreement in which they have agreed to terms of compensation for the infringement, including the assignment of all right, title, and interest in and to U.S. Patent Nos. 9,568,264; 9,816,772; 9,939,221; 10,502,511; 11,002,500; and 11,629,923 from Defendant to ABC IP, LLC.

15. Plaintiffs have no adequate remedy at law as to the threat of ongoing infringements by Defendant and are entitled to an injunction barring the ongoing sale of Infringing Products.

16. Violation by Defendant or anyone acting in concert with him of the Permanent Injunction granted by this CONSENT JUDGMENT AND PERMANENT INJUNCTION would cause irreparable damage to Plaintiffs and, upon violation of the injunction, Plaintiffs should be entitled to remedies consistent with this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

17. Defendant waives all right to appeal any part of this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

18. Upon entry of this Consent Judgment and Permanent Injunction, this action is dismissed with prejudice, provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment, Permanent Injunction, and the Confidential Settlement Agreement.

Based on the Stipulations by the Parties, **IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Defendant, including any successors, agents, assigns, and transferees, all others holding by, through or under the parties hereto, and all subsidiaries, divisions, related companies or entities, and principals, owners, investors, managers, and members of the parties and who receive actual notice of this injunction, are PERMANENTLY ENJOINED during the unexpired term of the '223 Patent from making or causing to be made, using or causing to be used, importing, offering for sale, or selling either directly, contributorily or by inducement in the United States any product covered by any claim of the '223 Patent.

2. The Permanent Injunction in Paragraph 1 shall automatically terminate and expire upon expiration of the '223 Patent or upon the entry of a final and unappealable court Order finding that the '223 Patent is invalid.

3. All claims asserted by Plaintiffs against Defendant are dismissed with prejudice.

4. The issues of infringement, validity, and enforceability are hereby finally concluded and disposed of and this CONSENT JUDGMENT AND PERMANENT INJUNCTION bars Defendant from contending in this action or any other proceeding that the claims of the '223 Patent are invalid, unenforceable or not infringed.

5. This CONSENT JUDGMENT AND PERMANENT INJUNCTION shall finally conclude and dispose of this litigation as to the Parties, and Plaintiffs and Defendant shall be entitled to issue preclusion, claim preclusion, *res judicata* and collateral estoppel effect in future litigation or Patent Office proceedings related to the '223 Patent. This Order explicitly intends such issue preclusion, claim preclusion, *res judicata* and collateral estoppel effects to extend to the issues of infringement, validity, and enforceability regarding any claim of the '223 Patent, whether raised in a court proceeding, Patent Office proceeding, reexamination, *inter panes* review, or other dispute.

6. The Court finds that violation of the Permanent Injunction granted by this CONSENT JUDGMENT AND PERMANENT INJUNCTION by Defendant would cause irreparable damage to Plaintiffs and, upon violation of the injunction, Plaintiffs shall be entitled to remedies consistent with this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

7. This CONSENT JUDGMENT AND PERMANENT INJUNCTION shall bind all parties, including any successors, assigns and transferees, all others holding by,

through, or under the parties hereto, and all subsidiaries, divisions, related companies or entities, and principals, owners, agents, investors, managers, and members of the parties.

8. All parties have read this CONSENT JUDGMENT AND PERMANENT INJUNCTION, have been advised by counsel, and agree to be fully bound by its terms.

9. This Court retains exclusive jurisdiction of this action for the purpose of compliance with this CONSENT JUDGMENT, PERMANENT INJUNCTION, and CONFIDENTIAL SETTLEMENT AGREEMENT.

10. Final judgment shall be entered pursuant hereto, without further notice. The Clerk is directed to enter this Final Judgment forthwith.

Ordered this 9th day of Dec., 2024

Gregory K. Frizzell
Judge of the District Court

CONSENT TO BE BOUND:

**Thomas Allen Graves**

By: _____

Title: _____

Date: Nov 11, 2024

AGREED AS TO FORM:

_____
Jansen L. Rigney
ELDRIDGE BROOKS PARTNERS
11 ½ East Reconciliation Way
Tulsa, OK 74103
Email: jansen@eldridgebrooks.com
Tel: (918) 636-7581

*Attorney for Defendant*

_____
Colin H. Tucker, OBA 16325
RHODES, HIERONYMUS, JONES, TUCKER
& GABLE
PO BOX 21100
Tulsa, Oklahoma 74121-1100
Email: chtucker@rhodesokla.com
Tel: (918) 568.8683
*Attorney for Plaintiffs*